## J. L. Vandivier, et al., v. Winchester Building & Accumulating Fund Association.

**Usurious Interest—Who May Recover.**

> Usurious interest paid can only be recovered by the person who pays it. A surety when sued upon a note cannot plead usury paid by his principal either as a set-off or counterclaim.

### APPEAL FROM CLARK CIRCUIT COURT.

January 10, 1876.

Opinion.

Usurious interest paid can only be recovered back by him who paid it. Consequently a surety, when sued upon a note, cannot plead usury paid by his principal on the note as either a set-off or counterclaim. He may plead it as partial payment, and in that way get the benefit of the payment, but it devolves on him to prove the alleged payment; and if he offers no evidence to sustain the allegations of his answer, and the cause is submitted on the pleadings, judgment must be rendered for the plaintiff for the full amount of the debt sued for, if the alleged payment of usury be the only defense. Nor will the burden of proof be thrown upon the plaintiff by an allegation in the answer that the fact of payment of usury is within the knowledge of the plaintiff alone.

The rule of chancery practice which casts upon a party the proof of facts alleged or presumed to be exclusively within his knowledge, did not devolve upon the complaining party the duty to disprove a matter of avoidance pleaded in the answer. The note sued upon made out the plaintiff's case, and if the defendant wished to reach the plaintiff and compel disclosures in support of the defense, he should have taken the course pointed out by the code of practice, or have taken the depositions of its officers. The court had power to set aside the submission and allow further preparation, but we are unable to see that there was any abuse of discretion in not doing so.

The record of the term does not show upon what ground the motion to set aside the submission was based, but this appears in the proceedings of the next term. The ground relied upon as appears by the affidavit of the appellant was that the cause was prematurely submitted by mistake of his counsel, but in what that mistake consisted is not stated. We infer, however, that the mistake referred to was the belief of counsel that the answer contained a set-off or

counterclaim. This court cannot say that there is error in refusing to set aside a submission because one of the parties has misinterpreted his own pleading. There may possibly be cases in which such a course would be proper, but we can hardly imagine one in which this court would reverse the judgment of an inferior court for refusing to do so.

There having been no evidence of the alleged payment of more than ten per cent. interest, the other and more important question argued by counsel does not arise in this case.

Judgment *affirmed.*

*L. B. Grigsby, for appellants. James Simpson, for appellee.*